IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CATHERINE J. MACK,

    Plaintiff,

      v.

ATLANTA INDEPENDENT
SCHOOL SYSTEM,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-1954-TWT

## OPINION AND ORDER

The pro se Plaintiff in this employment discrimination case alleges that her former employer, the Atlanta Independent School System, discriminated against her when it transferred her to a different elementary school following a restructuring of the school system's reading program.

## I.  Background

Plaintiff Catherine Mack suffers from rheumatoid arthritis making it difficult for her to walk, for her to stand, for her to use her hands for an extended period, and for her to sit in smaller chairs.  (Mack Dep. at 78).  The Plaintiff was 57 years old at the beginning of the 2010-2011 school year.  (Id. at 5).  She worked for the Defendant Atlanta Independent School System ("APS") from 1990, when she was hired as a special education teacher, until September 28, 2010, when she resigned.  (Id. at 38;

Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J., Ex. F4, at 107).  The Plaintiff was transferred seven times during her employment with APS.  (Mack Dep. at 37).

The dispute in this case arises from Mack's transfer to Fain Elementary School before the start of the 2010-2011 school year.  Mack had been teaching Reading Recovery at Beecher Hills Elementary School since 1999. (Mack Dep. at 49-52).  The Reading Recovery program was a literacy intervention program for first grade students having difficulty learning to read.  (Jones Decl. ¶ 3).  Although Reading Recovery was designed for first graders, the Plaintiff would sometimes work with struggling second grade students when she had finished working with her first grade students.  (Id. ¶ 4).  The Reading Recovery program, however, was eliminated in all APS schools at the end of the 2009-2010 school year, and Mack and the other Reading Recovery teacher at Beecher were told their positions were being eliminated.  (Id. at 71; Jones Decl. ¶ 7).

While Mack was at Beecher, the school had the Early Intervention Program ("EIP") as well as the Reading Recovery program.  The EIP sought to help struggling students in kindergarten through fifth grade meet grade-level performance objectives. (Jones Decl. ¶¶ 3-4).  Mack contends that she was not offered one of the EIP teaching positions for the 2010-2011 school year because of her age.  APS, however, contends that Mack did not have the required K-5 certification to teach that program.  (Jones

Decl. ¶ 11).

Instead of assigning her to the EIP program at Beecher, APS transferred Mack to Fain. (Collins Decl. ¶ 10). Mack's salary, benefits, and work hours were the same at Fain as they were at Beecher. (Id. ¶ 11; Mack Dep. at 82). Mack faxed her letter of accommodations describing her disability to Fain on July 23, 2010. (Id. at 150-51). Mack contends her required accommodations were not satisfied. She argues that she would have preferred the handicap parking spaces in the front of the school because they would allow her to use the front entrance, but that she was forced to use the handicap entrance at the back of the school because the back entrance did not require her to walk on a ramp. (Pl.'s Statement of Material Facts ¶ 27). Likewise, Mack states that she visited the school in late July and requested an elevator key from the current principal, Bettye Greene, and received one on August 5, 2010. (Id. ¶ 28). The Plaintiff admits that she received the elevated chair she requested during the preplanning week before students arrived at Fain and that she had an accessible restroom. (Id. at ¶ 31). However, she contends that because of the short time frame she had to transfer her belongings from Beecher to Fain, and because she did not have an elevator key or badge to enter from the back entrance during the moving period, and because she was not given assistance by Fain staff, she was considerably burdened by the move. (Pl.'s Statement of Material Facts ¶ 39).

On August 9, 2010, Fain got a new interim principal, Mesha Greene. The Plaintiff did not have an official meeting with Greene until August 19, 2010, when she informed Greene of her required accommodations. (Mack Dep. at 48-49; 99, 110-111; Greene Decl. ¶ 5). Mack also raised concerns about having to gather students from around the building because that task involved too much walking, and Greene removed that duty from the Plaintiff. (Id. at 98-100; Greene ¶ 9). The Plaintiff also noted the disarray of the special education program at Fain and was provided with a mentor to help boost the program. (Mack Dep. at 100-01; Greene Decl. ¶ 8). Mack submitted her letter of resignation on September 28, 2010. (See Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J., Ex. F4, at 107). She wrote that she "will be retiring due to medical reasons…. Unfortunately, the assignment [at Fain] was not a suitable fit for me." (Id.)

The Plaintiff filed her pro se complaint on June 6, 2012. The Defendant answered and the parties engaged in discovery. The Defendant filed the instant motion for summary judgment on December 21, 2012, and the Plaintiff filed her opposition on January 11, 2013. The Defendant filed a notice of objection to the Plaintiff's posting of interrogatories in response to the motion for summary judgment, stating that the Plaintiff failed to serve the Defendant with notice that she had served the interrogatories on non-parties causing prejudice to the Defendant. The Plaintiff

recognized her error and provided the Defendant with a copy of the interrogatories and reissued a certificate of service.[1]  In its motion for summary judgment, the Defendant seeks the dismissal of the Plaintiff's claim for age discrimination under the Age Discrimination and Employment Act ("ADEA") and the Plaintiff's claim for discrimination under the Americans with Disabilities Act ("ADA").

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

---

[1]As will be seen below, the interrogatory responses do not change the disposition of the Defendant's motion for summary judgment, and the Defendant's objection is accordingly overruled as moot.

The Defendant moves for summary judgment on the Plaintiff's claim for age discrimination and on the Plaintiff's claim for disability discrimination.

A.     Discrimination Under the ADEA

"Under the ADEA, a plaintiff bears the ultimate burden of proving that age was a determining factor in the employer's decision [to terminate her]." Van Voorhis v. Hillsborough County Bd. of County Comm'rs., 512 F.3d 1296, 1300 (11th Cir. 2008) (citing Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989)). "A plaintiff may establish a claim of illegal age discrimination through either direct evidence or circumstantial evidence." Id.   Direct evidence is "evidence that reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." Id. (quoting Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004) (internal quotation marks omitted)).  Direct evidence consists of "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age." Id. (quoting City of Miami, 870 F.2d at 582) (internal quotation marks and alterations omitted).

Here, the Plaintiff admits she has not produced any direct evidence to support her claim for age discrimination.  (See Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. at 7; Pl.'s Statement of Undisputed Material Facts ¶ 13).  However, in the Eleventh Circuit, a plaintiff can establish age discrimination under the ADEA via circumstantial

evidence under the standard set forth in <u>Gross v. FBL Financial Servs., Inc.</u>, 557 U.S. 167, 177-78 (2009), or by satisfying the burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  <u>See</u> <u>Hawthorne v. Baptist Hospital Inc.</u>, 448 Fed. Appx. 965, 968 (11th Cir. 2011) (reviewing ADEA age discrimination claims supported by circumstantial evidence under both <u>Gross</u> and <u>McDonnell Douglas</u>).

Here, the Plaintiff contends she satisfies the burden shifting framework of <u>McDonnell Douglas</u>.  That framework requires the Plaintiff to show that she "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual."  <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1024 (11th Cir. 2000) (citing <u>Benson v. Tocco, Inc.</u>, 113 F.3d 1203, 1207-08 (11th Cir. 1997)).  The parties do not dispute that the Plaintiff was a member of a protected age group. Likewise, the parties do not dispute that the vacancies in the EIP program at Beecher were filled by younger employees.  The Plaintiff contends that the Defendant's decision to transfer her to Fain instead of giving her a position in the Early Intervention Program at Beecher was an adverse action.  She contends she was qualified for the EIP position and that the Defendant gave the job instead to a younger employee.

The Plaintiff's evidence is insufficient to show that she suffered an adverse employment action.  Although she claims her transfer to Fain was an adverse action, she admits she suffered no reduction in salary or benefits and that the hours she worked at Fain were the same as the hours she worked at Beecher.  Further, although the Plaintiff states she was burdened by the logistics of transferring from Beecher to Fain, she was transferred a total of seven times in her career.  Indeed, the Plaintiff admits that transfers were "a common practice" and that "each year you could be reassigned at the drop of a hat."  (Mack Dep. at 34; see also Collins Decl. ¶ 12).  Likewise, the Plaintiff has not shown that she was qualified for the EIP position.  APS requires that EIP teachers hold an early childhood education certification for kindergarten through fifth grade.  (Collins Decl. ¶ 7).  Mack did not hold the certification and therefore was not eligible for the EIP position.

But even assuming that the transfer to Fain was an adverse action, and assuming that the Plaintiff was qualified for the position, the Defendant's preference for a teacher with a K-5 certificate is a legitimate nondiscriminatory reason for not placing the Plaintiff in an EIP position at Beecher.  "If a plaintiff establishes a prima facie case of discrimination, the defendant employer must articulate a legitimate, nondiscriminatory reason for the challenged employment action."  Id. (citing Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997)).  "However, the

employer's burden is merely one of production; it 'need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" Id. (citing Combs, 106 F.3d at 1528).  Here, the Defendant has shown that APS policy requires any full-time EIP teacher to have a K-5 certificate, which the Plaintiff did not have.  (Collins Decl. ¶ 7).  Additionally, the teachers who did fill the EIP positions at Beecher held the required K-5 certification and had experience teaching a wider range of subjects and grade levels than the Plaintiff had.  (See Jones Decl. ¶¶ 10-11).  The Court concludes that APS's decision to enforce the K-5 certificate requirement for EIP teaching positions and to accordingly not place the Plaintiff in the EIP was a sufficient nondiscriminatory reason for its decision.

When the Defendant articulates a nondiscriminatory reason for its action, "the presumption of discrimination is eliminated and 'the plaintiff has the opportunity to come forward with evidence … sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision.'" Chapman, 229 F.3d at 1024 (quoting Combs, 106 F.3d at 1529).  The Plaintiff argues that APS had previously made exceptions to the K-5 certificate requirement and could have in this situation.  The Court concludes this fact alone is not sufficient to permit a reasonable factfinder to find the certificate

requirement was pretextual.  Accordingly, the Plaintiff has not met her burden with respect to her claim for age discrimination, and the Defendant's motion for summary judgment should be granted.[2]

B.    Discrimination Under the ADA

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to the job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  A qualified individual "means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  To state a prima facie case, a plaintiff must show "(1) that she has a disability; (2) that, with or without reasonable accommodations, she can perform the

---

[2] The Plaintiff does not appear to argue that she can establish her claim for age discrimination under the standard set forth in Gross, but in any event she has not provided evidence that would satisfy that standard.  Under Gross, to establish a claim for disparate treatment under the ADEA, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision."  Gross v. FBL Financial Servs., Inc., 557 U.S. 167, 177-78 (2009).  The plaintiff must do more than establish that age was a motivating factor in the employer decision.  Id.  The Plaintiff has not provided any evidence to suggest that age was the but-for cause for the Defendant's decision to transfer her to Fain rather than assign her to the EIP at Beecher.  Accordingly, she cannot meet her burden under Gross.

essential functions of the position she holds; and (3) that she was discriminated against because of her disability." Terrell v. USAir, 132 F.3d 621, 624 (11th Cir. 1998). The Plaintiff states that she was not given reasonable accommodations in her transfer to Fain. "[A]n accommodation is unreasonable if it does not allow someone to perform his or her job duties in the present or in the immediate future." Wood v. Green, 323 F.3d 1309, 1314 (11th Cir. 2003).

Here, there is no dispute that the Plaintiff's rheumatoid arthritis renders her disabled. There is also no dispute that the Plaintiff can perform the essential functions of her job with reasonable accommodations – she did so for many years at Beecher. However, the Plaintiff contends that she did not receive reasonable accommodations at Fain. Specifically, the Plaintiff contends that the lack of an activated badge allowing her to access the back entrance, the lack of an elevator key, and the lack of assistance from Fain staff when she was moving her belongings to Fain amounted to a lack of reasonable accommodation. But the standard for determining whether an accommodation is reasonable is whether the Plaintiff can perform "her job duties in the present or in the immediate future." Wood, 323 F.3d at 1314. There is no evidence that she has been unable to perform her job duties. Indeed, the evidence shows that the Defendant repeatedly met the Plaintiff's accommodation requests. When the Plaintiff asked for an elevator key, she received one within a few days.

When the Plaintiff stated she was burdened by having to gather students from around the school, she was relieved of that duty.  When the Plaintiff pointed out the deficiencies in the special education program at Fain, she was provided with a mentor to get the program back on track.  She was provided with an accessible bathroom and with a chair suitable for her condition.  Indeed, the Plaintiff was told in September 2010 that she would be reassigned as an itinerant teacher between Adamsville Elementary and Fain, but the reassignment was rescinded after the Plaintiff stated that the reassignment would require her to use more stairs.  (Mack Dep. at 114-16).  Because "[a]n accommodation is 'reasonable' and necessary under the ADA only if it enables the employee to perform the essential functions of the job," Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1259-60 (11th Cir. 2001) (citing LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 835 (11th Cir. 1998)), and because the Plaintiff has offered no evidence to suggest she is unable to perform her job duties due to any lack of accommodation, the Defendant's motion for summary judgment should be granted in this respect.

Further, there is no indication that the Plaintiff requested a reasonable accommodation that she was denied.  "The duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 (11th

Cir. 1999).  "Once a qualified individual with a disability has requested provision of reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation." Id. at 1364 (quoting 29 C.F.R. § 1630.9).  Here, the Plaintiff's evidence shows a consistent pattern of requests for specific accommodations followed by grants of those requests.  Her letter of accommodation states that the Plaintiff required accessible parking, an accessible bathroom, and an accessible chair, all of which she was given.  (See Pl.'s Mot. for Summ. J., Ex. A, at 10).  She was also provided with an elevator key when she requested one and lighter duties when she requested them.  According to Greene, the Plaintiff did not request to have her badge activated.  (Greene Decl. ¶ 10).  There is likewise no indication that she requested an accommodation in the form of help in moving her belongings from Beecher to Fain.  With respect to her resignation, there is no evidence that the Plaintiff made an unmet accommodation request between the time she moved to Fain and the time she resigned.  Because the Plaintiff did not make requests for accommodation beyond those she was granted when she first moved to Fain, she cannot prevail on her claim for failure to provide a reasonable accommodation.  See id. ("[The Plaintiff's] failure to demand a reasonable accommodations after being shown the new job requirements is fatal to her ability to prevail on her claim that [the Defendant]

discriminated against her by failing to provide a reasonable accommodation.").

Accordingly, the Defendant's motion for summary judgment should be granted.

## IV.  Conclusion

For the reasons set forth above, the Defendant's Motion for Summary

Judgment [Doc. 19] is GRANTED.

SO ORDERED, this 26 day of June, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge